IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DUSTY BOWMAN,

    Plaintiff,

v.                                                Case No. 1:18-cv-60-MW-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate currently in the custody of the Florida Department of Corrections at Suwanee Correctional Institution ("Suwanee CI"), initiated this case by filing a handwritten letter complaining about conditions of confinement, presumably at his current facility. Although Suwanee CI is located in the Jacksonville Division of the Middle District of Florida, the Court could not determine whether this case should be transferred there because Plaintiff did not file his complaint on the court-approved civil rights complaint form. Plaintiff also failed either to pay the $400.00 civil case filing fee or file a motion for leave to proceed as a pauper.

    The Court ordered Plaintiff to file an amended complaint on the proper court-approved form and either pay the filing fee or file a motion for

leave to proceed as a pauper on or before June 7, 2018. (ECF No. 3.) The Court advised Plaintiff that failure to comply with the Court's order would result in a recommendation that this case be dismissed without further notice. (*Id.* at 2.) As of the date of this report and recommendation, however, Plaintiff has not filed an amended complaint as directed, nor has Plaintiff either paid the filing fee or moved for leave to proceed as a pauper.

A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite a clear directive to file an amended complaint and either pay the filing fee or move for leave to proceed as a pauper by June 7, 2018, and despite a clear warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed without further notice, Plaintiff has failed to comply.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with a Court order and for failure to prosecute.

**IN CHAMBERS**, this 15th day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.